IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MITCHELL GOODBAR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 09-2553 |
| | ) |
| TECHNICOLOR VIDEOCASSETTE OF | ) |
| MICHIGAN, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER GRANT OF SUMMARY JUDGMENT AND TO ALLOW PLAINTIFF TO FILE A CORRECTED RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Before the Court is the January 10, 2011 Motion to Reconsider Grant of Summary Judgment and to Allow Plaintiff to File a Corrected Response to Defendant's Statement of Undisputed Material Facts ("Motion") filed by Plaintiff Mitchell Goodbar ("Goodbar" or "Plaintiff"). (Mot. to Reconsider Grant of Summ. J. and to Allow Pl. to File a Corrected Resp. to Def.'s Statement of Undisputed Material Facts, ECF No. 32.) ("Pl.'s Mot.") Defendant Technicolor Videocassette of Michigan, Inc. ("Technicolor" or "Defendant") responded in opposition on January 24, 2011. (Def. Technicolor Videocassette of Michigan, Inc.'s Resp. in Opp'n to Pl.'s Mot. to Reconsider Grant of Summ. J., ECF No. 33.) ("Def.'s Resp.")

Goodbar asserts that an administrative error caused an incomplete, uncorrected draft of his response to Technicolor's Statement of Undisputed Material Facts to be filed instead of the correct version, so that the Court ruled without knowing all of the facts.  (See Pl.'s Mot. 2-4.)  Relying on Rule 59(e), Rule 60(b)(1), and Rule 60(b)(6) of the Federal Rules of Civil Procedure, he argues that the Court should reopen the case, allow him to file a corrected response, reconsider the Order Granting Defendant's Motion for Summary Judgment, and deny Technicolor's summary judgment motion.  (See id. at 3-5.) Technicolor argues that Goodbar's Motion must be denied and that the Court should award Technicolor the attorney's fees it incurred in responding.  (See Def.'s Resp. 12.)

Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006)).  "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present

2

evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 2010); accord Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).  "A motion under Rule 59(e) is not an opportunity to re-argue a case."  Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

Here, Goodbar does not argue that the Court made a clear error of law or that there has been an intervening change in controlling law.  (See Pl.'s Mot. 3-4.)  He does not and cannot assert that the information contained in his proposed corrected response to Technicolor's Statement of Undisputed Material Facts is newly discovered.  As Technicolor correctly points out, that information was available to Goodbar the time of his original response to Technicolor's Statement of Undisputed Material Facts and, in fact, he submitted it before the Court granted summary judgment.  (Compare Pl.'s Statement of Additional Undisputed Material Facts 7-8, ECF No. 26-1, and Answer to Def.'s Mot. for Summ. J., ECF No. 26, with Pl.'s Corrected Resps. to Def.'s Statement of Undisputed Facts in Supp. of Its Mot. for Summ. J., ECF No. 32-1 ("Pl.'s Corrected Resps.").)  The Court considered and rejected Goodbar's opposition to summary judgment with the information in the proposed corrected response in the record before the Court.  (See Order Granting Def.'s Mot. for Summ. J.

3

9, 13-28, ECF No. 30.) For the reasons discussed below, Goodbar's proposed corrected response would not change the outcome of Technicolor's summary judgment motion. Manifest injustice would not result from denying Goodbar's Motion.

Goodbar has not demonstrated any basis on which this Court may grant his motion for reconsideration under Rule 59(e). See Betts, 558 F.3d at 474. He seeks to relitigate old matters and to present evidence that could have been presented before entry of judgment, two improper uses of Rule 59(e). See Wright, Miller & Kane, supra, at § 2810.1; see also Sault Ste. Marie Tribe of Chippewa Indians, 146 F.3d at 374. Therefore, Goodbar's motion for relief under Rule 59(e) is DENIED.

"The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion . . . ." Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998). "Relief from a final judgment under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'" McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502-03 (6th Cir. 2000) (quoting Dickerson v. Bd. of Educ. of Ford Heights, 32 F.3d 1114, 1116 (7th Cir. 1994)). Courts may grant Rule 60(b) motions for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered

4

> in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The party filing a Rule 60(b) motion bears the burden of establishing grounds for relief by clear and convincing evidence.  Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).  "[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6) . . . ."  Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997).

"In order to receive [Rule] 60(b)(1) relief, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense."  Merriweather v. Wilkinson, 83 F. App'x 62, 63 (6th Cir. 2003) (citing Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980)).  Here, Goodbar cannot demonstrate either element.  He failed to attach the proposed corrected version of his response to Technicolor's Statement of Undisputed Material Facts based on an administrative error after the Court had granted his motion for an extension of time to respond.  (Order, ECF No. 25)  That is not the mistake, inadvertence, surprise, or excusable neglect for which Rule

5

60(b)(1) provides relief.  See Merriweather, 83 F. App'x at 63; FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678, 685 (6th Cir. 1999); Saxion v. Titan-C-Mfg., Inc., 86 F.3d 553, 558 n.1 (6th Cir. 1996).  The Court was aware of the information before granting summary judgment.  (See Order Granting Def.'s Mot. for Summ. J.)  Goodbar's proposed corrected response would not change the Court's decision on Technicolor's summary judgment motion.  Goodbar has not met his burden of establishing grounds for relief under Rule 60(b)(1) by clear and convincing evidence.  See Info-Hold, 538 F.3d at 454.  Therefore, his motion for relief under Rule 60(b)(1) is DENIED.

To receive relief under Rule 60(b)(6), a movant must "show 'extraordinary circumstances' justifying the reopening of a final judgment."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). "'[A]lmost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)."  Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)).  "Consequently, courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity mandate relief.'"  Id. (quoting Olle, 910 F.2d at 365).  "[M]ore than mere neglect, inadvertence, indifference, or careless disregard of circumstances" must be

present to excuse a party's failure to act and to justify relief under the rule. Ethan Michael Inc. v. Union Twp., 392 F. App'x 906, 910 (3d Cir. 2010) (citing Ackermann, 340 U.S. at 199).

Here, Goodbar has not shown the extraordinary circumstances necessary to reopen the Court's final judgment. See, e.g., Khan v. Veneman, 171 F. App'x 47, 48 (9th Cir. 2006) ("The district court acted within its discretion by determining that Khan's former attorney's decision to file a non-opposition to defendants' motion for summary judgment was neither a mistake nor an extraordinary circumstance justifying relief from judgment.") (citations omitted). Goodbar had access to the information in his proposed corrected response before the Court granted Technicolor's summary judgment motion, and the Court considered that information before granting summary judgment. Goodbar's proposed corrected response would not affect the disposition of Technicolor's summary judgment motion. Goodbar has not met his burden of establishing grounds for relief under Rule 60(b)(6) by clear and convincing evidence. See Info-Hold, 538 F.3d at 454. Therefore, his motion for relief under Rule 60(b)(6) is DENIED.

Even if the Court reopened the case and allowed Goodbar to file the proposed corrected response to Technicolor's Statement of Undisputed Material Facts, the outcome of the case would be the same. Goodbar admits through the proposed corrected

7

response that Sue Bradford ("Bradford"), the Human Resources Manager at Technicolor, alone made the decision to terminate his employment and that no other person recommended that Bradford make that decision. (Compare Def. Technicolor Videocassette of Michigan, Inc.'s Local Rule 7.2(d)(2) Statement of Undisputed Material Facts ¶¶ 77, 80, ECF No. 22-1, with Pl.'s Corrected Resps. ¶¶ 77, 80.) Goodbar offers no evidence on which a reasonable jury could conclude that Bradford decided to terminate his employment because of his disability.[1] For the reasons discussed in the Order Granting Defendant's Motion for Summary Judgment, Technicolor is entitled to summary judgment on Goodbar's disability discrimination claim given Goodbar's lack of evidence. (See Order Granting Def.'s Mot. for Summ. J. 22-23.)

Goodbar also admits through the proposed corrected response that Technicolor never discharged an employee for filing a workers' compensation claim during Bradford's service at Technicolor, including the date on which Goodbar's employment was terminated. (Compare Def. Technicolor Videocassette of Michigan, Inc.'s Local Rule 7.2(d)(2) Statement of Undisputed Material Facts ¶¶ 22, 82, 87, 91, with Pl.'s Corrected Resps. ¶¶ 22, 82, 87, 91.) For the reasons discussed in the Order

---

[1] Although Goodbar asserts that Bradford had notice of his hydrocodone prescription before Technicolor terminated his employment, the record cited to support that factual proposition does not, in fact, state that Bradford had notice. (See Pl.'s Corrected Resps. ¶ 78; Tr. 242-43, ECF No. 32-10.)

Granting Defendant's Motion for Summary Judgment, Technicolor is entitled to summary judgment on Goodbar's retaliatory discharge claim given Goodbar's admission and lack of sufficient evidence showing a causal relationship between his claim for workers' compensation benefits and the termination of his employment. (See Order Granting Def.'s Mot. for Summ. J. 24-28.)

For the foregoing reasons, Goodbar's Motion is DENIED. Technicolor has not demonstrated that it is entitled to attorney's fees. Therefore, Technicolor's request for attorney's fees is DENIED.

So ordered this 29th day of April, 2011.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR
                                        UNITED STATES DISTRICT JUDGE